SCHOTT, Chief Judge,
concurring in part, dissenting in part.
I concur with the majority in amending the penalty to ten percent of State Farm’s policy *1070 limits rather than of the total amount the jury awarded because this is the only reasonable interpretation of R.S. 22:658(B) as it read at the time of the loss. The statute provided for the penalty “in addition to the amount of the loss, of ten percent damages on the total amount of the loss, payable to the insured.... ” In speaking of “the amount of the loss” in the first of these three phrases, the statute is necessarily referring to the policy limits because that is the only part of the total loss the insurer could owe. The second phrase is necessarily referring to what was said in the first phrase, i.e., the insurer’s part of the loss. Finally, the words “payable to the insured” in the third phrase connote the obligation of the insurer to the insured and not the amount owed by the uninsured third party tort feasor to the insured.
I do not subscribe to the view that Act 879 of 1992 is applicable to this case because the act was not passed until after the judgment of the trial court became final and the present appeal was pending.
The trial court awarded legal interest on the penalty and attorney’s fee from date of judicial demand. My colleagues affirm this part of the judgment. I would amend the judgment to provide for this interest to run from the date of the judgment.